Henry J. Latham, J.
This is an application by CherryBurrell Corp. and American Can. Co. pursuant to CPLR 2606 (subd. 2) to require the Director of Finance of the City of New York to pay over to the Sheriff of the City of New York, Queens County, for the benefit of the judgment creditors of Colonial Farms, Inc., the moneys held by said Director pursuant to an order of this court dated January 4, 1965. By separate application, Beverly Electric Corp. requests that the Director of Finance be directed to satisfy its judgment against Colonial Farms, Inc.
By an order dated January 21, 1964 a receiver was appointed in supplementary proceedings to satisfy the judgment of Citrus Bowl, Inc., against Colonial Farms, Inc., for $15,633.60. Said receiver collected approximately $25,000 and moved to be discharged. Several other judgment creditors appeared on that motion and requested that they be paid whatever moneys remained after the satisfaction of the judgment of Citrus Bowl, Inc., and the discharge of the receiver. The United States claimed that, pursuant to section 191 of title 31 of the United States Code, its tax liens should be paid prior to all claims against Colonial Farms, Inc., other than the claim of Citrus Bowl, Inc. The receiver stated that his receivership had been extended for the benefit of Dairy Conveyor Corp., another judgment creditor.
By a decision dated November 6, 1964 this court directed that the judgment of Citrus Bowl, Inc., be satisfied, the expenses of the receivership be paid and the receiver be discharged. The court further directed that the moneys remaining be held by the *222 Dirctor of Finance “ subject to the further order of this court upon the application of any interested party who may claim said sum.”
The sole issue to be determined in these applications is the priority of payment of the several creditors of Colonial Farms, Inc.
Where a receiver has been appointed for the benefit of a judgment creditor and acquires more funds than are necessary to satisfy the judgment, the excess should be returned to the judgment debtor. (CPLR 5234, subd. [a]; Matter of Kohlman v. Alexander, 1 A D 2d 334, affd. 4 N Y 2d 823.) Colonial Farms, Inc., does not seek the return of the moneys but requests that it be used to satisfy outstanding claims and contends that the tax liens of the United States are entitled to priority.
While the United States concedes that its tax liens were filed after the entry of the judgments in favor of Cherry-Burrell Corp. and American Can Co., it contends that Colonial Farms, Inc., is insolvent and, therefore, pursuant to section 191 of title 31 of the United States Code its tax liens are entitled to priority over all other claims.
Section 191 provides: ‘ ‘ Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.”
The mere inability of Colonial Farms, Inc., to pay its debt is insufficient to bring the United States within the protection of that section. (Jones & Co. v. Foodco Realty, 318 F. 2d 881.) Colonial Farms, Inc., in addition, must have committed one of the other acts specified in section 191. (United States v. Schroeder, 204 F. Supp. 199.) It has not made a voluntary assignment and is not an absconding, concealed or absent debtor. The appointment of a limited receiver for the satisfaction of a judgment does not constitute an act of bankruptcy. (Matter of Kohlman v. Alexander, supra.) Therefore, the United States is entitled to no greater priority than any other creditor.
With regard to the alleged extension of the receivership, no order appears in the record extending the receivership. Dairy Conveyor, Inc., is in default in appearing on these applications. *223 Under the circumstances, the court finds that the receivership was never extended.
Accordingly, the Director of Finance shall pay over to the Sheriff of the City of New York, Queens County, all funds held pursuant to the order of this court dated January 4, 1965 for the benefit of the judgment creditors of Colonial Farms, Inc. The Sheriff shall use said moneys to satisfy the claims of the judgment creditors according to the priority specified in CPLR 5234. In all other respects the applications are denied.