■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CANADY, Appellant.— Renewed motion by appellant for summary reversal of judgment of the Supreme Court, Kings County, rendered November 30, 1964 upon resentence. Motion granted, on consent; judgment reversed as to the resentence and matter remitted to the trial court for the purpose of resentencing defendant. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Nolan, JJ., concur.

## (April 17, 1967)

■ CITRUS BOWL, INC., Judgment Creditor, v. COLONIAL FARMS, INC., Appellant. AMERICAN CAN COMPANY et al., Respondents; UNITED STATES OF AMERICA, Appellant.— Order of the Supreme Court, Queens County, dated July 26, 1965, affirmed insofar as appealed from, with one bill of $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Christ and Brennan, JJ., concur; Hopkins, J., dissents and votes to modify the order, insofar as appealed from, by striking out its first decretal paragraph and by substituting therefor a paragraph providing for the following payments out of the sum on deposit in the possession of the Director of Finance, less his commissions, as indicated on Certificate No. 1814, Account No. Q-1-5358: (1) $1,387.03, with interest, to the Sheriff of the City of New York, to be paid by the Sheriff to Cherry-Burrell Corporation, (2) $517.81, with interest, to the United States of America and (3) the sum remaining after the aforesaid payments to the Sheriff of the City of New York, to be paid by the Sheriff to American Can Company, with the following memorandum, in which Rabin, J. concurs: In my opinion, the United States of America is entitled to priority with respect to the tax assessment made against the judgment debtor on February 14, 1964 in the sum of $517.81, and recorded as a tax lien on April 16, 1964, over the judgment of American Can Company entered on May 25, 1964 (United States v. Equitable Life, 384 U. S. 323, 327–328). The second tax assessment made on May 20, 1964 in the sum of $6,530.47, and recorded as a tax lien on May 28, 1964, was subordinate to the levy made some 87 minutes before under the judgment of American Can Company (Matter of Kohlman v. Alexander, 1 A D 2d 334, affd. 4 N Y 2d 823). [47 Misc 2d 220.]